FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   AUG 0 7 2018   ★

BROOKLYN OFFICE

AES:WPC/TAW/RK/JSY
F. #2018R01054

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

XI QUAN HUANG,
    also known as "Xiquan,"
YUN LEI HUANG,
    also known as "Yunlei," "Ah Lei"
    and "Ray,"
YUN WU HUANG,
    also known as "Ah Wu"
    and "Abel,"
WEI MEI GAO,
    also known as "Vivian" and
    "Weimei," and
SHENG MIAO XIA,
    also known as "Ah Miao,"

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR  18  00408**

(T. 18, U.S.C., §§ 371, 982(a)(1),
  982(a)(2), 982(a)(6), 982(b)(1),
  1546(a), 1956(h), 2320(a), 2320(a)(1),
  2320(b)(1)(A), 2323(b)(1), 2323(b)(2),
  2 and 3551 et seq.; T. 21, U.S.C.,
  § 853(p))

IRIZARRY, CH.J.

GOLD, M.J.

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Trademark Counterfeiting Act of 1984</u>

    1.    The Trademark Counterfeiting Act of 1984, as amended, criminalized

trafficking in counterfeit goods.   Pursuant to Title 18, United States Code, Section 2320(a)(1), it

was a crime to intentionally traffic in goods and knowingly use a counterfeit mark in connection

with such goods.   Pursuant to Title 18, United States Code, Section 2320(a)(2), it was a crime

to intentionally traffic in "labels, . . . emblems, medallions, . . . or packaging of any type or

nature, knowing that a counterfeit mark [had] been applied thereto, the use of which was likely to cause confusion, to cause mistake, or to deceive."   Pursuant to Title 15, United States Code, Section 1127, a "mark" included "any trademark."

2.      Pursuant to Title 15, United States Code, Section 1127, a trademark included "any word, name, symbol, or device, or any combination thereof . . . used by a person . . . to identify and distinguish his or her goods . . . from those manufactured or sold by others and to indicate the source of the goods."

3.      Pursuant to Title 18, United States Code, Section 2320(f)(1)(A), a "counterfeit mark" was a "spurious" mark:

(a)      that was used in connection with trafficking in any goods, labels, emblems, or packaging of any type or nature;

(b)      that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office ("USPTO"), and in use;

(c)      that was applied to or used in connection with the goods for which the mark was registered with the USPTO; and

(d)      the use of which was likely to cause confusion, to cause mistake, or to deceive.

4.      Pursuant to Title 18, United States Code, Section 2320(f)(5), the term "traffic" meant "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

II.    The Rights Holders

5.    The following companies ("Rights Holders") owned trademarks, including the ones described below (collectively, the "Trademarks"):

(a)    Louis Vuitton Malletier Corp. owned a "Louis Vuitton" word mark, which was registered on the principal register of the USPTO under registration number 1045932, and an "LV" word mark, which was registered on the principal register of the USPTO under registration number 1519828;

(b)    River Light V, L.P. owned a "Tory Burch" word mark, which was registered on the principal register of the USPTO under registration number 3428374;

(c)    Chanel, Inc. owned a "Chanel" word mark, which was registered on the principal register of the USPTO under registration number 1733051, and an interlocking "CC" word mark, which was registered on the principal register of the USPTO under registration number 1734822; and

(d)    Hermes International, S.A. owned an "H" word mark, which was registered on the principal register of the USPTO under registration number 4687132.

6.    The Rights Holders registered the Trademarks for use on handbags, wallets and other apparel and merchandise.   The Rights Holders marked their goods with the Trademarks to distinguish them from their competitors' products and to assure the public of their quality.   At no time did any of the Rights Holders authorize, ratify, or acquiesce to the use of the Trademarks by the participants in the scheme described below.

III.    The Defendants and Relevant Entities

7.    The defendant XI QUAN HUANG, also known as "Xiquan," resided in Queens, New York.

8.    The defendant YUN LEI HUANG, also known as "Yunlei," "Ah Lei" and "Ray," resided in Queens, New York.

9.    The defendant YUN WU HUANG, also known as "Ah Wu" and "Abel," resided in Queens, New York.

10.    The defendant XI QUAN HUANG was the father of the defendants YUN LEI HUANG and YUN WU HUANG.

11.    The defendant WEI MEI GAO, also known as "Vivian" and "Weimei," resided in Queens, New York.

12.    The defendant SHENG MIAO XIA, also known as "Ah Miao," resided in Queens, New York.

13.    The defendants WEI MEI GAO and SHENG MIAO XIA were married to each other.

14.    Rongfa Leather Corp. was a wholesale handbag and accessories business located in Queens, New York, that was owned and operated by the defendants XI QUAN HUANG, YUN LEI HUANG and YUN WU HUANG (together, the "Rongfa Defendants").

15.    Skyli Express Inc. was a shipping business located in Queens, New York, that was owned and operated by the defendants WEI MEI GAO and SHENG MIAO XIA (together, the "Skyli Defendants").

IV.    The Counterfeit Goods Scheme

16.    In or about and between December 2013 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants XI QUAN HUANG, YUN LEI HUANG, YUN WU HUANG, WEI MEI GAO and SHENG MIAO XIA, together with others, participated in an international scheme to traffic goods, including handbags, wallets and belts, that bore counterfeit trademarks ("Counterfeit Goods") for financial gain.

17.    The Rongfa Defendants sold Counterfeit Goods, as well as other goods, through Rongfa Leather Corp.

18.    The Rongfa Defendants sold Counterfeit Goods to wholesale and retail distributors in New York State and elsewhere in the United States.    The Counterfeit Goods sold by the Rongfa Defendants included counterfeit Chanel and Tory Burch handbags, as well as other Counterfeit Goods.

19.    The Skyli Defendants used Skyli Express Inc. to distribute Counterfeit Goods for the Rongfa Defendants.    The Skyli Defendants distributed these Counterfeit Goods throughout the United States for retail sale.    In certain instances, the Skyli Defendants concealed the origin of the Counterfeit Goods by providing false names for the "senders" in shipping documents that accompanied the Counterfeit Goods.

20.    The Skyli Defendants received payments for the Counterfeit Goods from buyers in California and elsewhere in the United States.    The payments were generally made by money orders in which the payee was specified as "CA" or "ASH," or in which no payee was provided at all.    In certain instances, the Rongfa Defendants converted the letters "CA" or

"ASH" on money orders into the word "CASH," and deposited the money orders into bank accounts.

21.     In addition to shipping Counterfeit Goods outside of New York, the Skyli Defendants also sold Counterfeit Goods they obtained from others to wholesale and retail distributors in New York State.

V.     Immigration Fraud

22.     On or about April 14, 2015, the defendant YUN LEI HUANG submitted to U.S. Citizenship and Immigration Services ("USCIS"), under penalty of perjury, immigration Form N-400 (Application for Naturalization).   On the form, YUN LEI HUANG certified that he had never committed a crime for which he had not been arrested.   YUN LEI HUANG caused this form to be mailed to USCIS from Queens, New York.

COUNT ONE
(Conspiracy to Traffic in Counterfeit Goods)

23.     The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

24.     In or about and between December 2013 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants XI QUAN HUANG, also known as "Xiquan," YUN LEI HUANG, also known as "Yunlei," "Ah Lei" and "Ray," YUN WU HUANG, also known as "Ah Wu" and "Abel," WEI MEI GAO, also known as "Vivian" and "Weimei," and SHENG MIAO XIA, also known as "Ah Miao," together with others, did knowingly and intentionally conspire to traffic in goods, to wit:

handbags, wallets, belts and other merchandise, and to use one or more counterfeit marks on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1).

(Title 18, United States Code, Sections 2320(a), 2320(b)(1)(A) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Smuggle Goods into the United States)

25.     The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

26.     In or about and between December 2013 and December 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants XI QUAN HUANG, also known as "Xiquan," YUN LEI HUANG, also known as "Yunlei," "Ah Lei" and "Ray," and YUN WU HUANG, also known as "Ah Wu" and "Abel," together with others, did knowingly and willfully conspire to import and bring into the United States merchandise contrary to law, to wit: goods that they, together with others, conspired to traffic using counterfeit marks, contrary to Title 18, United States Code, Section 2320(a), and to receive, conceal and sell such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, all contrary to Title 18, United States Code, Section 545.

27.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants XI QUAN HUANG, also known as "Xiquan," YUN LEI HUANG, also known as "Yunlei," "Ah Lei" and "Ray," and YUN WU HUANG, also known as "Ah Wu" and "Abel," together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a)    On or about December 18, 2013, the defendant XI QUAN

HUANG sent an electronic message to an individual in which XI QUAN HUANG stated that he

had received only four boxes of fake Chanel goods.

(b)    On or about April 27, 2015, in Long Island City, New York, the

defendant YUN LEI HUANG sold thousands of dollars worth of Counterfeit Goods to a

purchaser.

(c)    On or about May 28, 2015, in Long Island City, New York, the

defendant YUN WU HUANG accepted approximately $5,458 in money orders as payment from

a purchaser of Counterfeit Goods.

(d)    On or about June 23, 2017, the defendant YUN LEI HUANG sent

an electronic message to the defendant XI QUAN HUANG in which YUN LEI HUANG asked

whether a shipment of fake Louis Vuitton goods had arrived.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Money Laundering Conspiracy)

28.    The allegations contained in paragraphs one through 21 are realleged and

incorporated as if fully set forth in this paragraph.

29.    In or about and between January 2015 and September 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WEI MEI GAO, also known as "Vivian" and "Weimei," and SHENG MIAO XIA,

also known as "Ah Miao," together with others, did knowingly and intentionally conspire to

conduct one or more financial transactions in and affecting interstate commerce, specifically, the

interstate transfer of money by money order, which transactions in fact involved the proceeds of

specified unlawful activity, to wit: trafficking in counterfeit goods, in violation of Title 18,

United States Code, Section 2320(a), knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity and that the financial

transactions were designed in whole and in part to conceal and disguise the nature, the location,

the source, the ownership and the control of the proceeds of specified unlawful activity, contrary

to Title 18, United States Code, Section 1956(a)(1)(B)(i).

> (Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS FOUR THROUGH EIGHT
### (Trafficking in Counterfeit Goods)

30.     The allegations contained in paragraphs one through 21 are realleged and

incorporated as if fully set forth in this paragraph.

31.     On or about the approximate dates set forth below, within the Eastern

District of New York and elsewhere, the defendants specified below, together with others, did

knowingly and intentionally traffic and attempt to traffic in goods, and did knowingly use a

counterfeit mark on and in connection with such goods, as set forth below:

| COUNT | DATE | DEFENDANTS | GOODS |
|-------|------|------------|-------|
| FOUR | March 3, 2015 | XI QUAN HUANG<br>YUN LEI HUANG | Counterfeit Chanel handbags |
| FIVE | April 27, 2015 | YUN LEI HUANG<br>YUN WU HUANG | Counterfeit Tory Burch handbags |
| SIX | April 27, 2015 | WEI MEI GAO<br>SHENG MIAO XIA | Counterfeit Louis Vuitton handbags |

| COUNT | DATE | DEFENDANTS | GOODS |
|-------|------|------------|-------|
| SEVEN | May 8, 2015 | WEI MEI GAO<br>SHENG MIAO XIA | Counterfeit Hermes belts |
| EIGHT | September 18, 2015 | WEI MEI GAO<br>SHENG MIAO XIA | Counterfeit Louis Vuitton handbags |

(Title 18, United States Code, Sections 2320(a), 2320(a)(1), 2320(b)(1)(A), 2 and 3551 et seq.)

### COUNT NINE
(Immigration Fraud)

32.     The allegations contained in paragraphs one through 22 are realleged and incorporated as if fully set forth in this paragraph.

33.     On or about April 14, 2015, within the Eastern District of New York and elsewhere, the defendant YUN LEI HUANG, also known as "Yunlei," "Ah Lei" and "Ray," did knowingly and intentionally subscribe as true, under penalty of perjury pursuant to Title 28, United States Code, Section 1746, one or more false statements with respect to a material fact, to wit: that HUANG had never committed a crime for which he had not been arrested, in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, to wit: immigration Form N-400, and did knowingly and intentionally present such application, affidavit and other document, which contained such false statement and which failed to contain any reasonable basis in law and fact, to USCIS.

(Title 18, United States Code, Sections 1546(a) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND FOUR THROUGH EIGHT

34.    The United States hereby gives notice to the defendants charged in Counts

One and Four through Eight that, upon their conviction of such offenses, the government will

seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1) of (a) any

article, the making or trafficking of which is prohibited under Title 18, United States Code,

Section 2320; (b) any property used, or intended to be used, in any manner or part to commit or

facilitate the commission of such offenses; and (c) any property constituting, or derived from,

any proceeds obtained directly or indirectly as a result of such offenses, including, but not

limited to, the real property and premises known as 57-18 163rd Street, Fresh Meadows, New

York 11365, title to which is held in the name of the defendant XI QUAN HUANG, and all

proceeds traceable thereto.

35.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE
## ALLEGATION AS TO COUNT TWO

36.     The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 545, which requires the forfeiture of any merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, including, but not limited to, the real property and premises known as 57-18 163rd Street, Fresh Meadows, New York 11365, title to which is held in the name of the defendant XI QUAN HUANG, and all proceeds traceable thereto.

37.     If any of the above-described property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United

States Code, Section 853(p))

## CRIMINAL FORFEITURE
## ALLEGATION AS TO COUNT THREE

38.     The United States hereby gives notice to the defendants charged in Count

Three that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense, or

any property traceable to such property.

39.     If any of the above-described property, as a result of any act or omission

of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United

States Code, Section 853(p))

## CRIMINAL FORFEITURE
## ALLEGATION AS TO COUNT NINE

40.      The United States hereby gives notice to the defendant charged in Count

Nine that, upon his conviction of such offense, the government will seek forfeiture in accordance

with Title 18, United States Code, Section 982(a)(6), which requires any person convicted of

such offense to forfeit any conveyance, including any vessel, vehicle, or aircraft, used in the

commission of such offense; any property, real or personal, that constitutes or is derived from or

is traceable to the proceeds obtained directly or indirectly from the commission of such offense;

and any property, real or personal, that is used to facilitate, or is intended to be used to facilitate,

the commission of such offense.

41.      If any of the above-described property, as a result of any act or omission

of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

15

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(6) and 982(b)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2018R01054
FORM DBD-34
JUN. 85

No.

## UNITED STATES DISTRICT COURT
### EASTERN *District of* NEW YORK
### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*XI QUAN HUANG, also known as "Xiquan," YUN LEI HUANG, also known as "Yunlei," "Ah Lei"and "Ray," YUN WU HUANG, also known as "Ah Wu and "Abel," WEI MEI GAO, also known as "Vivian" and "Weimei,"and SHENG MIAO XIA, also known as "Ah Miao,"*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(2), 982(a)(6), 982(b)(1), 1546(a), 1956(h), 2320(a), 2320(a)(1), 2320(b)(1)(A), 2323(b)(1), 2323(b)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ _____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 2018*

_____

*Clerk*

*Bail, $* _____

**William Campos and Temidayo Aganga-Williams, Assistant U.S. Attorneys,
Robert Kaftal, Special Assistant U.S. Attorney,
James Yoon, U.S. DOJ Trial Attorney**