

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AB:WPC/JSY/RK  
F.#2018R01054

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 8, 2021

**By ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Yun Lei Huang
      Criminal Docket No. 18-408 (S-2) (BMC)

Dear Judge Cogan:

  The government respectfully submits this letter in advance of sentencing with respect to defendant Yun Lei Huang in the above-referenced case, which is scheduled for an in-person hearing on July 14, 2021, at 10:15 a.m.

  According to the pre-sentence investigation report ("PSR"), the defendant's adjusted offense level under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") is level 17 and his Criminal History Category is Category II, resulting in a Guidelines range of 27 to 33 months' imprisonment.  See PSR at ¶¶ 42, 46 and 74.  The plea agreement in this case estimated the defendant's adjusted offense level at level 17 and his criminal history category as Category I, which yielded an estimated Guidelines range of imprisonment of 24 to 30 months.  The government does not advocate for a Guidelines range that is different from the estimated range in the plea agreement.

I. Procedural Background

  On August 16, 2018, the defendant was arraigned on an Indictment charging conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Count One), conspiracy to smuggle goods into the United States, in violation of 18 U.S.C. § 371 (Count Two), trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1) (Counts Four

and Five), and Immigration Fraud, in violation of 18 U.S.C. § 1546(a) (Count Nine).  The defendant was charged at the same time as 21 other defendants in this and related cases.

On September 23, 2019, the defendant pleaded guilty before Magistrate Judge Steven M. Gold to a single-count Second Superseding Information charging Structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2), pursuant to a plea agreement (the "Plea Agreement").  See Presentence Investigation Report ("PSR") ¶ 1.  By docket order dated November 4, 2019, the Court accepted the defendant's guilty plea to the sole count of the Superseding Information after reviewing the plea transcript.

Two defendants (Sheng Miao Xia and Wei Mei Gao) in this specific case already have been sentenced.  This defendant and his two remaining co-defendants are scheduled to be sentenced the same day.  In the related group of cases, nine defendants have been sentenced.

II.     The Offense Conduct

The defendant Yun Lei Huang owned and worked at a wholesale handbag and accessories business along with his father and brother, Xi Quan Huang and Yun Wu Huang, respectively.  See PSR at ¶ 18.

This defendant, along with his father and brother, sold handbags bearing counterfeit trademarks from the business.  Additionally, this defendant and his two co-defendants also structured the financial transactions, that is, he broke down the payments exceeding $10,000 into smaller sums and then deposited those smaller sums into the business' bank accounts in order to evade bank reporting requirements.  This defendant pleaded guilty to structuring more than $100,000 over a 12-month period, in violation of 31 U.S.C. §§ 5324(a)(3) and 5324(d)(2), as did his two co-defendant relatives.

In this way, this defendant and his relatives made a substantial profit.  This defendant agreed to a forfeiture amount of $266,000.  His two co-defendants also each agreed to forfeiture in the amount of $266,000 each.

III.    Defendant's Guideline Range

The government agrees with the Guidelines range in the PSR as to the sole count of the Superseding Information, which is the same as the Guidelines estimate in the Plea Agreement.  The applicable Guidelines range is as follows:

2

| U.S.S.G. Description | U.S.S.G. Section | Levels |
|---|---|---|
| Base Offense Level | 2S1.3(a)(2) | 6 |
| Loss Amount More Than $250,000 | 2B1.1(b)(1)(G) | +12 |
| Offense involved proceeds of unlawful activity | 2S1.3(b)(1)(A) | +2 |
| Total Offense Level Of Underlying Offense | | 20 |
| Acceptance of Responsibility | 3E1.1(a) and (b) | -3 |
| Total Offense Level | | 17 |

   In the Plea Agreement, the defendant stipulated to the above Guidelines calculation. In Section 5.b. of the Plea Agreement, the parties also agreed that the government would "take no position concerning where within the Guidelines range determined by the Court the sentence should fall".

IV. The Defendant's Criminal History Category

   The defendant contends that for the Guidelines purposes he is in Criminal History Category I. Indeed, the Plea Agreement calculated the Guidelines as if the defendant were in Category I. However, both are in error.

   As noted in the PSR, the defendant was arrested in Queens County, New York in on or about February 15, 2013, for operating a motor vehicle with a blood alcohol content of .105%. See PSR ¶ 44. That same day, the defendant pleaded guilty to driving while ability impaired. He was sentenced to a one-year conditional discharge, an alcohol abuse program, a $300 fine and a 90-day suspension of his driver's license.

   In calculating the defendant's Criminal History category, two points are added because the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. See U.S.S.G. 4A1.1(d).

3

As per the defendant's plea allocution in the instant case, the defendant committed the instant offense from December 2013 to December 2017.  Therefore, from December 2013 to February 2014, while he was still under the one-year period of the conditional discharge, the defendant committed the instant offense.  Had the Queens County court learned of the defendant's crime, it could have determined that the defendant violated the conditional discharge.  See New York Criminal Procedure Law ("NY CPL") § 410.10(2).[1]

As a result, the defendant is in Criminal History Category II.  But, the government does not advocate for a Guidelines range different from the one in the Plea Agreement.

V.     A Sentence Slightly Below the Applicable Guideline Range is Appropriate

   a.   Legal Standard

In United States v. Booker, the Supreme Court held that the Guidelines are advisory and not mandatory, and the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining sentences, but also may tailor the sentence in light of other statutory concerns.  125 S. Ct. 738, 743 (2005); see 18 U.S.C. § 3553(a).  Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)."  United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).  Although the Court declined to determine what weight a sentencing judge should normally give to the Guidelines in fashioning a reasonable sentence, the Court cautioned that judges should not "return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum."  Id. at 113.

Later, in Gall v. United States, the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine

---

[1] NY CPL 410.10(2) states in pertinent part: "Commission of an additional offense, other than a traffic infraction, after imposition of a sentence of probation or of conditional discharge, and prior to expiration or termination of the period of the sentence, constitutes a ground for revocation of such sentence irrespective of whether such fact is specified as a condition of the sentence."

4

whether they support the sentence requested by a party. In so doing, the court may not presume that the Guidelines range is reasonable. The court must make an individualized assessment based on the facts presented." Id. at 49–50 (citation and footnote omitted).

      b.  Application of 18 U.S.C. § 3553(a) Factors

In this case, a particularized consideration of the factors set forth in Section 3553(a) demonstrates that a sentence slightly below the agreed upon Guideline range is appropriate for this defendant.

This defendant was an important cog in the illegal enterprise. With his family members, he sold counterfeit goods and structured the transactions to avoid reporting requirements and detection. During the government's investigation, Xi Quan Huang organized the sale of the counterfeit goods to the cooperating witness numerous times and delivered the fake goods that the Huangs trafficked. Yun Lei Huang appeared to the second-in-command, also participated at meetings regarding the sale of counterfeit goods, discussed styles of fake bags with the cooperating witness, and delivered the fake goods. Yun Wu Huang played an important role in the business but appears to have had less decision-making authority. Each family member made a substantial profit from the scheme and each agreed to forfeit $266,000.

As mentioned, the defendant, his father, and his brother are the tenth, eleventh, and twelfth defendants overall to be sentenced in these related cases. The following chart provides the prior sentences imposed by the Court. Each time-served sentence was for the period of time from the arrest of the defendant to the arraignment that same day when bail was set.

| Defendant and Case Number | Charge of Conviction | Guidelines Range | Primary Role | Sentence |
|---|---|---|---|---|
| Xue Wei Qu<br><br>18-CR-419 | Conspiracy to traffic in counterfeit goods: 18 U.S.C. § 2320(a) | 30 to 37 months | Wholesale Distributor | 12 months' and one day incarceration and $50,000 fine |

5

| | | | | |
|---|---|---|---|---|
| Qi Feng Liang<br>18-CR-419 | Structuring:<br>31 U.S.C. §§ 5324(a)(3) | 10 to 16 months | Structured Money Transactions | Time-served[2] and $5,500 fine |
| Yong Lin Dong<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | 12 months and one day in prison |
| Cai Ying Lin<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 10 to 16 months | Wholesale Distributor | 2 years' probation |
| Jin Hua Zhang<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[3] |
| Jian Hua Zhu<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served[4] |
| Cheng Xu Yu<br>18-CR-396 | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 24 to 30 months | Wholesale Distributor | Time-served |
| Sheng Miao Xia<br>18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 12 months' and one day incarceration |
| Wei Mei Gao<br>18-CR-408 (S-1) | Conspiracy to traffic in counterfeit goods:<br>18 U.S.C. § 2320(a) | 30 to 37 months | Domestic Shipper | 6 months' incarceration |

---

[2] The Court also imposed one year of supervised release with a special condition of home confinement for 150 days.

[3] The Court also ordered that this defendant cooperate with immigration authorities regarding his removal to China.

[4] The Court also ordered that this defendant voluntarily depart the United States for China, within the one year of her supervised release.

Accordingly, taking into consideration the Section 3553 factors, including the need to provide just punishment, promote respect for the law, and deter the defendant and others from future unlawful conduct and avoid disparate sentences, a sentence slightly below the Guidelines range of 24 to 30 months' imprisonment is appropriate.

V.      Conclusion

For the reasons set forth above, the government respectfully requests that the Court impose a sentence slightly below the agreed upon Guideline range as described above and in the PSR as well as forfeiture in the amount of $266,000.

                                        Respectfully submitted,

                                        JACQUELYN M. KASULIS
                                        Acting United States Attorney
                                        Eastern District of New York

By:    /s/ William P. Campos
         William P. Campos
         Temidayo Aganga-Williams
         Assistant U.S. Attorneys
         (718) 254-6104/ (718) 254-6183

         Robert Kaftal
         Special Assistant United States Attorney
         (718) 254-6033

         /s/ James Yoon
         James S. Yoon
         Assistant Deputy Chief for Litigation
         Computer Crime and IP Section
         United States Department of Justice
         (202) 514-1115

cc:    Marc A. Fernich, Esq.
       Counsel for Defendant Yun Lei Huang
       (by ECF)

       Alyssa Lopez and
       Shayna Bryant
       U.S. Probation Officers
       (by ECF)